# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| NISSBETT EDWIN MADISON, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-08-1566 |
| | § | |
| TOMMY THOMAS, | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Nissbett Edwin Madison, seeks habeas corpus relief under 28 U.S.C. § 2254.  From the pleadings, it appears that Madison is serving a 200-day sentence in Harris County, Texas.  Madison does not attack the validity of his underlying conviction or sentence.  Rather, he challenges a disciplinary hearing conducted at the Harris County Jail. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2).  The threshold issue is whether this federal petition states a violation of a federally protected right.

## I.    Background

Madison challenges a disciplinary hearing held on October 4, 2007[1].  The hearing officer found Madison guilty.  The punishment consisted of a loss of commissary privileges for 30 days and cell restriction for 30 days. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 4). Madison asserts that the procedures at the hearing were deficient in several respects.  He alleges that: he was not allowed to make a statement at the hearing; the

---

[1]Madison states that the hearing took place on October 4, 2008.  It appears that he meant October 4, 2007. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 4).

hearing officer did not read the facts of the charged offense to him; he did not receive 24-hour advance notice of the hearing; and counsel substitute did not tell him that he could call witnesses or present documentary evidence.  Madison asserts that he could face new criminal charges as a result of this disciplinary conviction.

## II.    Analysis

A district court may examine habeas petitions before an answer or other responsive pleading is filed.  *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999).  Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), and *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences.  A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case.  When the punishments are less severe and have no effect on the length of the sentence, an inmate is entitled to notice and an opportunity to present a statement in an informal nonadversary evidentiary review.

*Hewitt v. Helms*, 459 U.S. 460 (1983); *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

Madison's due process claim based on the loss of privileges is barred under the Supreme Court's decision in *Sandin.*  In *Sandin,* a prisoner was placed in disciplinary segregation for thirty days, but received no punishment that inevitably affected the duration of his sentence.  The Court held that such sanctions did not require the procedural protections set out in *Wolff.*  In this case, the punishments that Madison received are not the types of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin,* 515 U.S. at 484, 486 n.9.  The punishment changed the conditions of Madison's confinement, but did not give rise to a due process claim.  *Madison,* 104 F.3d at 767-68.  The procedures used at the hearing do not give rise to a due process claim.

Madison's federal petition does not present grounds warranting habeas relief and cannot proceed.

## III.   Conclusion

Madison's challenges to his disciplinary conviction lack merit.  This case is DISMISSED.  Madison's motion to proceed as a pauper, (Docket Entry No. 5), is granted.  Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).  An applicant makes a

substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. This court will not issue a COA because Madison has not made the necessary showing.

SIGNED on July 29, 2008, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge